Date signed October 11, 2005



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | | |
|---|---|---|---|
| In Re: | * | | |
| BESSIE WEST | * | Case No. | 04-33883-DK |
| | * | Chapter | 13 |
| | * | | |
| | * | | |
| Debtor | * | | |

## MEMORANDUM OF DECISION

Before the court is the Motion to Allow Filing of Proof of Claim by Baltimore County, Maryland (the "Motion"). Neither the Chapter 13 Trustee, nor Debtor have responded to the Motion. The court finds that the facts and arguments are adequately set forth in the Motion and the case record and that a hearing would not aid the decisional process.

In the Motion, Baltimore County Maryland (the "County") requests that this court consider as timely, a proof of claim attached as an Exhibit to the Motion. The County seeks this relief because no proof of claim was filed by the County until the filing of the Motion on June 20, 2005. The County states in its Motion: "[U]nder the deadline established by the court, municipalities such as Baltimore County were to have filed a proof of claim form on or before April 18, 2005." In this case, Debtor did not include the County in the creditor list filed with her petition. The County, unaware of the bankruptcy filing, was also unaware of the April 18, 2005, deadline for governmental units to file a proof of claim. The Motion seeks to allow the County to now file its claim untimely on the grounds

that it was not timely notified of the bankruptcy filing.  For the reasons set forth herein below, the court will deny the Motion.

The proof of claim attached to the Motion and sought to be considered as timely filed by the County, indicates that the claim of the County is a secured claim, secured by a tax lien for real estate taxes.  In the attachment to the proof of claim, the tax levy period for the amount claimed is July 1, 2004 - June 30, 2005.

Under Maryland law, real estate taxes are due prospectively on July 1 for taxes for the year beginning on such date.[1]  This case was initiated by the filing of a voluntary petition on October 20, 2004.  Accordingly, the debt to the County arose pre-petition and would have been the proper subject of a timely filed proof of claim to be considered as a claim in the bankruptcy estate.[2]

When a pre-petition indebtedness is secured by an unavoidable interest attached to the bankruptcy estate's interest in property, the resultant claim may constitute a secured claim.  Generally, a secured claim will be limited in amount to a lesser of the indebtedness or the value of the creditor's interest in the estate's interest in the collateral property.   11 U.S.C. § 506(a);  In re Richardson, 307 B.R. 485, 487 (Bankr. D. Md. 2004).[3]  To the extent that the creditor's interest in the collateral is insufficient in value to fully secure the indebtedness, the portion of the debt exceeding the value of the creditor's interest in the collateral, will constitute an unsecured claim.  However, where the claim is for

---

[1] Md. Code Ann. Tax-Prop. § 10-102(a)(2001).  See also In re Reamy, 169 B.R. 352, 353 (Bankr. D. Md. 1994).

[2] Generally speaking, and with numerous exceptions, allowable claims are restricted to prepetition debts.  See 11 U.S.C. § 502(b) ("the court. . . shall determine the amount of such claim as of the date of the filing of the petition. . . .").  But see 11 U.S.C. § 1305 (detailing allowance and treatment of postpetition claims in chapter 13 cases).

[3] Under circumstances not present in the instant case, for purposes of treatment in a Chapter 13 plan, a secured claim secured solely by a first priority security interest in the debtor's residence may not be reduced to the value of the collateral.  11 U.S.C. § 1322(b)(2); Nobleman v. American Sav. Bank, 508 U.S. 324, 113 S.Ct. 2106 (1993).

2

a tax assessed against property of the estate, the claim cannot exceed the value of the estate's interest in such property. 11 U.S.C. § 502(b)(3).

In a Chapter 13 case, the deadline for filing claims is set forth in Federal Rule of Bankruptcy Procedure 3002.[4] The deadline set forth in Rule 3002(c) applies to secured claims in the same manner as it governs the filing of unsecured claims. See e.g., In re Kelley, 259 B.R. 580 (Bankr. E.D. Tex. 2001); In re Macias, 195 B.R. 659 (Bankr. W.D. Tex. 1996). Federal Rule of Bankruptcy Procedure 9006(b)(3) permits the court to enlarge the time for filing an secured claim pursuant to Rule 3002(c),

---

[4] Rule 3002(c) provides:
**TIME FOR FILING**. In a Chapter 7 liquidation, Chapter 12 Family Farmer's Debt Adjustment, or Chapter 13 individuals debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the Meeting of Creditors called under Section 341(a) of the Code, except as follows:
> (1) A proof of claim filed by a governmental unit is timely filed if it is filed not later than 180 days after the date of the order for relief. On motion of a governmental unit before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the governmental unit.
> (2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.
> (3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.
> (4) A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct.
> (5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

Fed. R. Bankr. Proc. 3002(c).

3

only upon enumerated circumstances set forth in Rule 3002(c). None of the enumerated circumstances apply to the County's claim. Rule 9006(b)(1) which allows the court to extend a deadline where "excusable neglect" is demonstrated, is inapplicable to the claims bar date in a Chapter 13 case by virtue of Rule 9006(b)(3). Consequently, the court cannot extend the time within which a claim may be considered as "timely filed." In re Davis, 108 B.R. 95 (Bankr. D. Md. 1989).

Although the failure to file a timely proof of claim will result in the disallowance of the County's secured claim, the disallowance appears to have no practical effect. While allowance of a claim may be a pre-requisite for distribution, the Debtor's confirmed plan in this case expressly provides for no distribution upon the secured claim held by Baltimore County.

Paragraph 2.d. contains all of the language in the plan as to treatment of secured creditors and states as follows:

> Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:
> i. Pre-petition arrears on the following claims will be paid under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears):
>     Beneficial Mortgage - $2500
>     WFS Financial - $1200
> ii. The following secured claims will be paid in full, as allowed, at the designated interest rates:
> iii. The following secured claims will be satisfied through surrender of the collateral securing the claims (describe the collateral) and any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors: N/A
> iv. The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor: N/A
> v. If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

Debtor's Chapter 13 Plan, filed October 20, 2004.

From this language, it is clear that the plan does not propose to pay the secured debt of the

4

County through the plan. As stated in paragraph 2.d.v., any claim of the County as a secured creditor is to be "paid or otherwise dealt with outside the plan directly by Debtor, and it will not be discharged upon completion of the plan."

The County does not lose its lien upon the collateral solely from the absence of an allowed claim. Unless the confirmed plan, or separate Order of the court upon proper motion pursuant to a section of the Bankruptcy Code, alters or avoids the lien, the lien of such creditor will "ride through" the bankruptcy case and remain intact to the extent of the unpaid secured debt after the conclusion of the case.[5] At such time as relief from stay is granted by the court, or the automatic stay terminates by the completion of the case, the creditor will not be barred by the discharge injunction from its in rem relief against the collateral.

Although factually it may not be necessary for the County to seek to enforce the debt personally against Debtor,[6] the failure by Debtor to provide notice to the County and the apparent lack by the County of knowledge of the case in sufficient time to timely file a proof of claim, would also appear to except the debt due to the County out of the discharge injunction that may be granted under Section 1328 upon completion of the plan. A debt that is not provided for by the plan is not discharged by the discharge injunction under Section 1328.[7]

---

[5] Unless relief is granted by the court upon proper motion, the automatic stay will normally preclude the holder of such lien from acting to liquidate the collateral during the bankruptcy case.

[6] Because a lien for unpaid real estate taxes forms a priming lien upon the property for which the tax is assessed and the tax amount is a percentage of the value of the property, the court is unable to envision a set of factual circumstances in which the holder of the real estate tax lien would be under secured as to the value of the lienor's interest in the collateral.

[7] Section 1328(a) provides (in pertinent part):
As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502

The court, being without power to enlarge the period of time within which the County's claim can be filed, must deny the motion. Nonetheless, the lien is not avoided or otherwise affected by the plan and will "ride through" the case. At such time as the automatic stay ceases to exist (by Order or termination of the case), the County may enforce the tax lien against the collateral property. The County's claim is expressly not provided for by the plan and therefore not discharged by any discharge granted under Section 1328 in this case. To the extent that the debt is unsecured, the County's claim is not provided for by the plan due to the lack of notice and knowledge in time to permit the County to file an allowable proof of claim. Consequently the debt will not be discharged by any Order of Discharge entered in this Chapter 13 case.

An Order conforming to this Memorandum of Decision will be entered.

cc:   Creditor's Attorney - John E. Beverungen
      Debtor's Attorney - James C. Strouse
      Debtor - Bessie West
      U.S. Trustee - Mark Neal
      Trustee - Ellen W. Cosby

**End of Order**

---

of this title, except any debt --
(1) provided for under section 1322(b)(5) of this title;
(2) of the kind specified in paragraph (5), (8), or (9) of section 523(a) of this title; or
(3) for restitution, for a criminal fine, included in a sentence on the debtor's conviction of a crime.
11 U.S.C. § 1328(a).